UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THANH V. VO | Case No. 6:22-po-00323-HBK-1<br><br>GRANTING DEFENDANT'S REQUEST FOR REMOTE APPEARANCE<br><br>(Doc. No. 4) |

Pending before the Court is Defendant's request to appear remotely (via Zoom) for his initial appearance scheduled for on August 16, 2022. (Doc. No. 4). In support, Defendant explains he currently lives in San Diego and has medical issues which impact his ability to drive for long hours. (*Id*.). The Government does not object. (*Id*.).

Under Rule 43, with the defendant's written consent and the court's permission, a defendant may appear by video teleconference for a misdemeanor offense at the arraignment, plea, trial, and sentencing. Fed. R. Crim. P. 43(b)(2). The court has discretion to permit a party to appear by video teleconference. *United States v. Hiramanek*, 2017 WL 1349580, *2 (E.D. Cal. Apr. 6, 2017) (citing *United States v. Lange*, 963 F.2d 380, 380 (9th Cir. 1992) (unpublished)). While the Ninth Circuit has not set forth specific factors to consider, the Fourth and Fifth Circuits have established certain factors. *Hiramanek*, 2017 WL 1349580 at *3; *see United States v. Benavides*, 596 F.2d 137, 139-40 (5th Cir. 1979); *see also United States v. Gonzalez-Flores*, 701 F.3d 112, 119 (4th Cir. 2012) ("whether a defendant must be present in order for the proceedings

to be conducted efficiently and fairly."). The following eight factors recognized by the Fifth Circuit have been considered when ruling on similar motions: in connection with a trial:

> (1) the possibility and effect of postponing the trial, (2) the potential burden on the government, (3) the possible prejudice to other defendants, (4) the possible burden on jurors, (5) the jeopardy (if any) to government witnesses, (6) the possible effect on the court's calendar, (7) the length of the absence requested, and of course (8) the relative importance of the asserted reason for the particular absence.

*United States v. Hiramanek*, 2017 WL 1349580, *2 (E.D. Cal. Apr. 6, 2017) (quoting *United States v. Meinster*, 481 F. Supp. 1112, 1116 (S.D. Fla. 1979)) (citing *Benavides*, 596 F.2d at 139-40).

While the Court is sympathetic to the lengthy travel a defendant would have to undertake to attend an initial appearance, distance alone does not justify good cause for a remote appearance. Nonetheless, an initial appearance is not a hearing where the undersigned would need to assess the relative credibility of witness testimony. (*See* Doc. No. 1); *see also Hiramanek*, 2017 WL 1349580 at *5. In consideration of Defendant's stated reasons to appear remotely for his initial appearance and having considered the above stated factors, the Court will grant Defendant's motion.

The Court reminds all parties of the following protocols:

To participate via Zoom, you will need a device with a microphone and camera, with internet access on the same device. Adequate lighting and sound are required for the Court to be able to see and hear you. You are encouraged to test Zoom before the hearing and should download the app at least one day before the hearing if using a phone or tablet. The Court will not provide technical support for Zoom participants or attendees. During the hearing, both your video and sound should be turned on (until you are told to mute yourself) and you should display your name on the video. Each participant will speak only when called on by the Judge or the Courtroom Deputy.

Appropriate attire is mandatory for any appearance in Court. Dress for your Zoom proceedings as if you were attending your court proceedings in the courtroom. **Use of a virtual background is prohibited**. You should be in quiet location, preferably indoors. There should

not be any other activities going on in your location.

Accordingly, it is **ORDERED**:

Defendant's request to appear remotely for his initial appearance (Doc. No. 4) is GRANTED. Defendant may appear for his scheduled initial appearance on August 16, 2022 via the Court's Zoom application. Defendant must submit a new motion requesting a remote appearance for any future hearings as appropriate.

Dated:   August 11, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE